

**FILED**
**Nov 01, 2024**
**10:41 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **KENNEDY RECINOS,** | ) | |
| **Employee,** | ) | **Docket No. 2024-60-1868** |
| **v.** | ) | |
| | ) | **State File No. 860110-2024** |
| **ELEAZAR MARTINEZ d/b/a** | ) | |
| **EXCELLENCE FRAMING, LLC,** | ) | **Judge Joshua D. Baker** |
| **Uninsured Employer.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

At an October 24, 2024 expedited hearing, Mr. Recinos requested temporary disability benefits, reimbursement of medical expenses, continuing medical treatment, and a determination that he is eligible for benefits from the Uninsured Employers Fund. Because Mr. Recinos is likely to prevail at a final hearing, the Court grants his requested relief. However, the Court finds him ineligible to apply for benefits from the Uninsured Employers Fund because he did not timely notify the Bureau of his injury and employer's lack of insurance coverage.

## Claim History

Mr. Recinos slipped from a roof on June 8, 2023, while working for Excellence Framing, which is owned by Eleazar Martinez. He broke his right collarbone and ribs and was taken to the hospital.

Mr. Recinos has not received any authorized medical treatment since the accident and has medical bills totaling $8,688. Although he has returned to work for another employer, his right shoulder and collarbone still hurt, and he needs treatment.

In his petition, filed in March 2024, Mr. Recinos asked for medical and temporary disability benefits, and he also alleged that Excellence Framing was uninsured. A Bureau specialist confirmed that lack of coverage in a Request for Investigation report.

1

According to his petition, Mr. Recinos was unable to work because of his injury from June 8 until August 8, 2023. He testified he worked 45 hours per week at $25 per hour, resulting in an average weekly wage of $1,125.

No one from Excellence Framing attended the hearing, so all of Mr. Recinos's proof is unrefuted.

**Findings of Fact and Conclusions of Law**

Mr. Recinos must prove he is likely to prevail at a final hearing on his requested benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2024); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Under the Workers' Compensation Law, an employer "shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A). An "injury" means "an injury by accident . . . arising primarily out of and in the course and scope of employment that causes . . . the need for medical treatment." *Id.* at -102(14).

Here, Mr. Recinos's unrefuted evidence shows he suffered a broken collarbone and ribs from falling off a roof while working for Excellence Framing. He incurred $8,688 in medical bills for treatment of those injuries.

The Court finds the treatment he received for his injuries reasonable and medically necessary. Excellence Framing did not pay for treatment and lacked insurance to cover the costs. The Court holds Excellence Framing must pay all the bills for the treatment. *See Ducros v. Metro Roofing and Metal Supply Co., Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 62, at *10 (Oct. 17, 2017) ("[A]n employer who does not timely provide a panel of physicians risks being required to pay for treatment an injured worker receives on his own.").

Excellence Framing must also pay Mr. Recinos temporary total disability benefits for his inability to work due to his injuries. An employee who becomes disabled due to a workplace injury that prevents him from working for a specific duration is entitled to compensation. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Mr. Recinos could not work from June 8 until August 8 due to his injuries, which is eight weeks and six days. He earned $1,125 per week, resulting in a weekly compensation rate of $750. Excellence Framing shall pay Mr. Recinos $6,642.86 in temporary total disability benefits for his disability from working during that period.

Because Mr. Recinos is likely to prove he is entitled to benefits, the Court next examines his eligibility for benefits from the Uninsured Employers Fund. The Fund has discretion to pay limited temporary disability and medical benefits if several criteria are met, including: "The employee provided notice to the bureau of the injury and of the failure of the employer to secure payment of compensation within a reasonable period of time, but in no event more than one hundred eighty (180) days, after the date of the injury[.]" Tenn. Code Ann. § 50-6-801(d)(4).

Mr. Recinos failed to prove that he notified the Bureau of his injury and Excellence Framing's failure to secure payment of compensation within 180 days after the date of his injury. He was injured June 8, 2023, but did not file a petition to prompt an investigation of coverage until nine months later. Given this untimely notice, he is not eligible to seek benefits from the Uninsured Employers Fund.

**It is ORDERED**:

1. Eleazar Martinez doing business as Excellence Framing, LLC shall pay Mr. Recinos's medical expenses in the amount of $8,688 that he incurred from his accident and pay for continuing medical treatment with the physician of Mr. Recinos's choice.

2. Eleazar Martinez doing business as Excellence Framing, LLC shall pay Mr. Recinos $6,642.86 in temporary total disability benefits.

3. Mr. Recinos is ineligible to apply for benefits from the Uninsured Employers Fund.

4. This case is set for a status conference on **Tuesday, January 21, 2025, at 10:00 a.m. (CST)**. The parties must call 615-741-2113 or 855-874-0474 to participate in the hearing.

5. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for noncompliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED November 1, 2024.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

**Appendix**

Exhibits

1) Rule 72 Declaration of Mr. Kennedy Recinos
2) Medical Records
3) Request for Investigation

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as shown on November 1, 2024.

| Name | Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Kennedy Recinos, Employee | | | X | krecinos905@gmail.com |
| Eleazar Martinez, Excellence Framing, LLC, Employer | X | | | 573 Long Hollow Pike, Lot 84 Gallatin, TN 37066 |
| Uninsured Employers Fund | | | X | lashawn.pender@tn.gov |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*